# Supreme Court of Florida

_____

No. SC16-529

_____

**IN RE:  AMENDMENTS TO FLORIDA RULES OF JUDICIAL ADMINISTRATION 2.516 AND 2.525.**

[April 14, 2016]

PER CURIAM.

Before the Court are time-sensitive, out-of-cycle amendments to Florida Rules of Judicial Administration 2.516 (Service of Pleadings and Documents) and Rule 2.525 (Electronic Filing) proposed by The Florida Bar's Rules of Judicial Administration Committee (Committee).[1]  We have jurisdiction[2] and adopt the amendments as proposed using the Court's "fast-track" procedures.

**Background**

According to the Committee's report, these time-sensitive amendments are in response to the Florida Courts E-Filing Portal April 16, 2016, upgrade, which

_____

1. See Fla. R. Jud. Admin. 2.140(e).

2. See art. V, § 2(a), Fla. Const.

increases the size limitations for documents filed and served through the E-Filing Portal. The April 16, 2016, system upgrade increases the document submission size from 25MB to 50MB. The upgrade also increases the e-service e-mail attachment size from 5MB to 10MB. The proposed amendments to rules 2.516 and 2.525 remove the specific document filing and service size limitations from the rules, and refer filers to "the appropriate size limitations specified in the Florida Supreme Court Standards for Electronic Access to the Court." The Florida Bar Board of Governors unanimously approved the proposals. Due to the time-sensitive nature of these proposed amendments, the amendments have not been published for comments.

## AMENDMENTS

The amendment to rule 2.516(b)(1)(E)(iv) removes "five megabytes (5MB) in size." The amendments to rule 2.525 remove "25 megabytes (25MB) in size" from subdivisions (d)(5) and (f)(1)(C), and remove "documents up to 25 megabytes (25MB) in size, or until e-filing has been fully implemented, accept facsimile transmissions of documents up to 10 pages in length" from subdivision (f)(1)(B). The deleted language in both rules is replaced with a reference to "the appropriate size limitations specified in the Florida Supreme Court Standards for Electronic Access to the Court."

Accordingly, the Florida Rules of Judicial Administration are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective April 16, 2016, at 12:01 a.m. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[3]

It is so ordered.

---

3. All comments must be filed with the Court on or before June 13, 2016, with a certificate of service verifying that a copy has been served on the Committee Chair, Amy Singer Borman, 15th Judicial Circuit, 205 North Dixie Highway, 5th Floor, West Palm Beach, Florida 33401, aborman@pdcgov.org, and on the Bar Staff Liaison to the Committee, Krys Godwin, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, krgodwin @flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until July 5, 2016, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration

Amy Singer Borman, Chair, Rules of Judicial Administration Committee, West Palm Beach, Florida; John F. Harkness, Jr., Executive Director, and Krys Godwin, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

# APPENDIX

## RULE 2.516.    SERVICE OF PLEADINGS AND DOCUMENTS

**(a)**    [No Change]

**(b)    Service; How Made.** When service is required or permitted to be made upon a party represented by an attorney, service must be made upon the attorney unless service upon the party is ordered by the court.

**(1)    Service by Electronic Mail ("e-mail").** All documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate or this rule otherwise provides. A filer of an electronic document has complied with this subdivision if the Florida Courts e-filing Portal ("Portal") or other authorized electronic filing system with a supreme court approved electronic service system ("e-Service system") served the document by e-mail or provided a link by e-mail to the document on a website maintained by a clerk ("e-Service"). The filer of an electronic document must verify that the Portal or other e-Service system uses the names and e-mail addresses provided by the parties pursuant to subdivision (b)(1)(A).

**(A) – (D)**

**(E)    Format of E-mail for Service.** Service of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party with either (a) a copy of the document in PDF format attached or (b) a link to the document on a website maintained by a clerk.

(i)    All documents served by e-mail must be sent by an e-mail message containing a subject line beginning with the words "SERVICE OF COURT DOCUMENT" in all capital letters, followed by the case number of the proceeding in which the documents are being served.

(ii)    The body of the e-mail must identify the court in which the proceeding is pending, the case number, the name of the initial party on each side, the title of each document served with that e-mail, and the name and telephone number of the person required to serve the document.

(iii)    Any document served by e-mail may be signed by any of the "/s/$_2$", "/s$_2$", or "s/" formats.

- 5 -

(iv)    Any e-mail which, together with its attached documents, exceeds ~~five megabytes (5MB) in size~~the appropriate size limitations specified in the Florida Supreme Court Standards for Electronic Access to the Court, must be divided and sent as separate e-mails, no one of which may exceed ~~5MB in size~~the appropriate size limitations specified in the Florida Supreme Court Standards for Electronic Access to the Court and each of which must be sequentially numbered in the subject line.

**(2)**    [No Change]

**(c) – (h)**    [No Change]

**RULE 2.525.    ELECTRONIC FILING**

**(a) – (c)**    [No Change]

**(d)    Exceptions.** Paper documents and other submissions may be manually submitted to the clerk or court:

(1)    when the clerk does not have the ability to accept and retain documents by electronic filing or has not had ECF Procedures approved by the supreme court;

(2)    for filing by any self-represented party or any self-represented nonparty unless specific ECF Procedures provide a means to file documents electronically. However, any self-represented nonparty that is a governmental or public agency and any other agency, partnership, corporation, or business entity acting on behalf of any governmental or public agency may file documents by electronic transmission if such entity has the capability of filing document electronically;

(3)    for filing by attorneys excused from e-mail service in accordance with rule 2.516(b);

(4)    when submitting evidentiary exhibits or filing non-documentary materials;

(5)    when the filing involves documents in excess of ~~25 megabytes (25MB) in size~~the appropriate size limitations specified in the Florida Supreme

Court Standards for Electronic Access to the Court. For such filings, documents may be transmitted using an electronic storage medium that the clerk has the ability to accept, which may include a CD-ROM, flash drive, or similar storage medium;

(6)     when filed in open court, as permitted by the court;

(7)     when paper filing is permitted by any approved statewide or local ECF procedures; and

(8)     if any court determines that justice so requires.

**(e)**     [No Change]

**(f)     Administration.**

(1)     Any clerk who, after obtaining supreme court approval, accepts for filing documents that have been electronically transmitted must:

(A)     provide electronic or telephonic access to its equipment, whether through an e-portal or otherwise, during regular business hours, and all other times as practically feasible;

(B)     accept electronic transmission of ~~documents up to 25 megabytes (25MB) in size, or until e-filing has been fully implemented, accept facsimile transmissions of documents up to 10 pages in length~~the appropriate size limitations specified in the Florida Supreme Court Standards for Electronic Access to the Court; and

(C)     accept filings in excess of ~~25 megabytes (25MB) in size~~the appropriate size limitations specified in the Florida Supreme Court Standards for Electronic Access to the Court by electronic storage device or system, which may include a CD-ROM, flash drive, or similar storage system.

(2) – (3)     [No Change]

**(g)**     [No Change]

**Court Commentary**

[No Change]

- 7 -